# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SOLVIS STAFFING SERVICES, INC, et al., <br><br> Defendants. | Case No.: 3:18-CV-0517 W (NLS) <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT [DOC. 17]** |

Pending before the Court is Plaintiffs' motion for entry of default and default judgment against Defendant. [Doc. 17.] The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the reasons stated below, the Court **GRANTS** Plaintiffs' motion. [Doc. 17.]

//
//
//
//
//

1

## I. BACKGROUND

Plaintiffs Zurich American Insurance Company and Zurich American Insurance Company of Illinois (Collectively, "Zurich") issued workers compensation insurance policies to Defendant Solvis Staffing Services, Inc. ("the Policies"). (*Compl.* [Doc. 1] ¶ 10.) The Policies require Zurich to pay benefits under the relevant workers compensation laws and to defend against any claim, proceeding, or suit arising under the Policies. (*Id.* ¶¶ 17, 18.)

Zurich alleges the Policies were issued because Solvis misrepresented the nature of its business on its application. (*Compl.* ¶ 7.) On the application, Solvis denied it functioned as a Professional Employer Organization ("PEO"). (*Id.* Ex. 4 [Doc. 1-2] p. 22.)[1] However, Zurich contends that an investigation into the services provided by Solvis revealed Solvis actually provided services as a PEO. (*Id.* ¶¶ 27–56.) Specifically, the Complaint alleges Solvis entered into agreements with other staffing companies whereby these companies utilized Solvis' Policies to submit workers compensation claims. (*Id.* ¶¶ 34, 35.)

As a result of the investigation into Solvis' activities, Zurich issued a notice of rescission on January 8, 2018 rescinding the Policies. (*Compl.* ¶ 56.) By March 9, 2018, Zurich filed the instant lawsuit. Zurich then attempted to serve the summons and complaint on Solvis at its principal place of business, and on both directors of the company. (*Meno Decl.* [Doc. 17-2] ¶¶ 5–7.) Before Zurich effectuated service, however, Solvis filed for Chapter 7 bankruptcy. (*Mot. for Default* [Doc. 17] 3:7–10.)

The U.S. Bankruptcy Court for the Southern District of California appointed James L. Kennedy as the Chapter 7 Trustee ("Trustee") on behalf of the Debtor, Solvis. (*See Notice of Appearance* [Doc. 6] 1:20–22.) Zurich then initiated an Adversary Proceeding against Solvis, entitled <u>Zurich American Insurance Company, et al. v. Solvis Staffing</u>

---

[1] All page references to exhibits attached are to the CMECF page stamp.

Services, Inc., et al., Adversary Case No. 18-01291-LA7.  Subsequently, Trustee and Zurich entered into a stipulation in which Trustee agreed to withdraw opposition to Zurich's motion for relief from stay and agreed not to contest the relief sought in this action.  (*Mot. for Misc. Relief* Ex. 2 [Doc. 4] pp. 8–11; *Notice of Appearance* pp. 1, 2.)

Zurich now moves for entry of default and default judgment against Solvis.  (*Mot. for Default*.)  For the reasons that follow, the motion will be granted.

## II. LEGAL STANDARD

Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications to the court for default judgment.  See Fed. R. Civ. P. 55(b)(2).  Default judgment is available where the plaintiff establishes: (1) defendant has been served with the summons and complaint and default was entered for their failure to appear; (2) defendant is neither a minor nor an incompetent person; (3) defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared in the action, that defendant was provided with notice of the application for default judgment at least three days prior to the hearing.  See, e.g., 50 U.S.C. § 521; Fed. R. Civ. P. 55; Twentieth Century Fox Film Corp. v. Streeter, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).

Entry of default judgment is within the trial court's discretion.  See Taylor Made Golf Co. v. Carsten Sports, Ltd., 175 F.R.D. 658, 660 (S.D. Cal. 1997) (citing Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956)).  In making this determination, the court considers the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Upon entry of default, the factual allegations in plaintiff's complaint, except those relating to damages, are deemed admitted. E.g., Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). Where the amount of damages claimed is a liquidated sum or capable of mathematical calculation, the court may enter a default judgment without a hearing. Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981). When it is necessary for the plaintiff to prove unliquidated or punitive damages, the court may require plaintiff to file declarations or affidavits providing evidence for damages in lieu of a full evidentiary hearing. Transportes Aereos De Angola v. Jet Traders Invest. Corp., 624 F.Supp. 264, 266 (D. Del. 1985).

### III. DISCUSSION

#### A. Entitlement to Default

Default is a two-step procedure. Fed. R. Civ. P. 55. An entry of default must precede an entry of default judgment. Id.; 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (4th ed. 2019). Thus, the Court must first address whether entry of default is appropriate.

Entry of default is appropriate where the defendant "fails to plead or otherwise defend." See Fed. R. Civ. P. 55(a). Here, Solvis has failed to defend.

On April 11, 2019, Trustee appeared on behalf of Solvis and filed a notice of abandonment of defense.[2] (*Notice of Appearance* pp. 1, 2.) Upon abandonment, Solvis regained the ability to defend this action in its own name. See Catalano v. C.I.R., 279 F.3d 682, 685 (9th Cir. 2002). However, California law prohibits a suspended corporation from exercising any right, power, or privilege, "[e]xcept for the purposes of filing an application for an exempt status or amending the articles of incorporation as

---

[2] A Chapter 7 Trustee is vested with the right to sue and/or defend any action pending against the Debtor. Fed. R. Bankr. P. 6009.

necessary either to perfect that application or to set forth a new name." Cal. Rev. & Tax. Code § 23301. Solvis' corporate status was suspended as of July 25, 2018 (*Meno Decl.* ¶ 8), and there is no indication Solvis is attempting to reinstate its active status. As such, Solvis is barred from participating in this suit.

Because Solvis has failed to plead or otherwise defend, the Court grants Zurich's request for entry of default.

### B. *Eitel* Factors

Weighing the Eitel factors, the Court finds default judgment is appropriate. If the Court denied default judgment, Zurich would unnecessarily continue litigating an uncontested dispute. As discussed below, Zurich's allegations sufficiently plead the five causes of action asserted in the Complaint, and there is no apparent reason to doubt the merits of Zurich's substantive claims. Additionally, Solvis has made no showing that their failure to respond to the lawsuit was due to excusable neglect, nor is there any apparent possibility of a dispute concerning the material facts. Because the factors weigh in Zurich's favor, the Court, while recognizing the public policy favoring decisions on the merits, will grant default judgment.

### C. **Merits of Zurich's Five Causes of Action**
#### 1. **Rescission**

Zurich's first cause of action is for rescission of the Policies issued to Solvis. (*Compl.* p. 12.) An insurer may rescind a policy when the insured misrepresents or conceals material information in its insurance application. LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co., 156 Cal. App. 4th 1259, 1272 (2007).

The Complaint alleges Solvis misrepresented or concealed material information on its insurance application. (*Compl.* ¶¶ 7–9.) Zurich attached documents demonstrating that Solvis represented itself as a temporary staffing organization. (*See Compl.* Exs. 1–

5

4.) Despite this representation, the Complaint alleges Solvis provided services as a PEO. (*Id.* ¶¶ 7–12.)

Accordingly, the Court finds Zurich is entitled to a default judgment as to the first cause of action for rescission of the Zurich Policies.

### 2. Zurich is Entitled to Recoupment and Restitution of Defense and Indemnity Payments

Zurich's second, third, and fourth causes of action seek recoupment and restitution of fees and benefits bestowed upon Solvis. (*Compl.* ¶¶ 63–72.) These actions derive from the first cause of action for rescission. As such, California Civil Code § 1692 provides:

> When a contract has been rescinded in whole or in part, any party to the contract may seek relief based upon such rescission by (a) bringing an action to recover any money or thing owing to him by any other party to the contract as a consequence of such rescission or for any other relief to which he may be entitled. A claim for damages is not inconsistent with a claim for relief based upon rescission. The aggrieved party shall be awarded complete relief, including restitution of benefits, if any, conferred by him as a result of the transaction and any consequential damages to which he is entitled.

As previously stated, Zurich established a basis for rescission of the Policies. The second, third, and fourth causes of action re-allege the same allegations supporting Zurich's rescission claim. (*Compl.* ¶¶ 63, 65, 67.) Under California Civil Code § 1692, the Court finds Zurich is entitled recoupment and restitution of fees and benefits bestowed upon Solvis.

### 3. Declaratory Relief

Zurich's final cause of action requests a declaration that: the Zurich Policies with Solvis are rescinded *ab initio*; Zurich has no duty to defend or indemnify Solvis in the underlying claims for workers' compensation benefits nor a duty to respond to those underlying claims; Zurich is entitled to recoup defense fees, costs and indemnity paid on

6

behalf of Solvis; and restitution in an amount equal to the benefits conferred upon Solvis as defense fees, costs and indemnity. (*Compl.* ¶¶ 74a–d.)

The Declaratory Judgment Act provides: "[i]n a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

Here, the Complaint alleges complete diversity amongst the parties and implicates a case or controversy. (*See Compl.* ¶¶ 1–3, 7–14.) Accordingly, declaratory relief is appropriate. For the reasons discussed throughout this order, the Court finds Zurich is entitled to declaratory relief.

### D. Requested Relief – Recoupment and Restitution

Because Zurich is entitled to default judgment, the remaining issue is the requested relief. Zurich requests judgment for $913,796.77 against Solvis on the second cause of action for recoupment of defense fees and costs, third cause of action for recoupment of indemnity costs, and fourth cause of action for unjust enrichment. (*Mot. for Default* 13:8–11.)

Under California Civil Code § 1692, Zurich is entitled to recover any money owed as a consequence of rescission. The evidence and declarations attached confirm Zurich incurred damages of $913,796.77. (*See Peat Decl.* [Doc. 17-1] ¶¶ 3–6, Ex. 1.) Accordingly, the Court will award the damages requested.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for entry of default and default judgment [Doc. 17.] and **ORDERS** as follows:

1. **DEFAULT** is hereby **ENTERED** against Defendant Solvis Staffing Services, Inc.

7

2. **DEFAULT JUDGMENT** is entered in favor of Plaintiffs Zurich American Insurance Company and Zurich American Insurance Company of Illinois, and against Defendant Solvis Staffing Services, Inc. for: (1) the first cause of action for Rescission of the Policies numbered WC 5714483-00 and WC 5714484-00; (2) the second cause of action for Recoupment of Defense Fees and Costs; (3) the third cause of action for Recoupment of Indemnity Costs; (4) the fourth cause of action for Restitution; and (5) the fifth cause of action for Declaratory Relief.

3. The Court **AWARDS** Plaintiffs Zurich American Insurance Company and Zurich American Insurance Company of Illinois $913,796.77 in damages against Defendant Solvis Staffing Services, Inc.

4. The Court **DECLARES**: (1) the Policies issued by Plaintiffs Zurich American Insurance Company and Zurich American Insurance Company of Illinois (collectively, "Zurich") to Defendant Solvis Staffing, Inc. ("Solvis") are rescinded *ab initio*; (2) Zurich has no duty to defend or indemnify Solvis in the underlying claims for workers' compensation benefits nor a duty to respond to those underlying claims; (3) Zurich is entitled to recoup defense fees, costs and indemnity paid on behalf of Solvis; and (4) Zurich is entitled to restitution in an amount equal to the benefits conferred upon Solvis as defense fees, costs and indemnity.

**IT IS SO ORDERED.**

Dated: August 14, 2019

Hon. Thomas J. Whelan
United States District Judge